NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEONARD MITCHELL, an individual,

Plaintiff - Appellant,

v.

AIR INDIA, LTD., a limited liability company, and DOES, 1-100, inclusive,

Defendants - Appellees,

and

UNITED AIRLINES, INC., a corporation,

Defendant.

No. 24-7790

D.C. No.
2:24-cv-05374-SVW-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 20, 2026
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and VITALIANO, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff-appellant Leonard Mitchell appeals the district court's order dismissing his Montreal Convention negligence claim against defendant-appellee Air India, Ltd. ("Air India") for lack of personal jurisdiction and implicitly denying his request for jurisdictional discovery. Our appellate jurisdiction rests on 28 U.S.C. § 1291. We vacate and remand.

We review de novo the district court's determination that it does not have personal jurisdiction over Air India. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). We review for abuse of discretion the district court's decision to deny jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "Jurisdictional discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (quoting *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).

Mitchell sought an opportunity to conduct jurisdictional discovery regarding the exact nature of the relationship between Air India and United Airlines, Inc. ("United"), the airline that sold Mitchell the ticket for his Air India flight. The district court never formally ruled on Mitchell's request, but the district court effectively denied it when the court granted Air India's motion to dismiss for lack of personal jurisdiction.

24-7790

The nature of the relationship between Air India and United, as well as the details regarding the advertising and booking of Mitchell's passage on the Air India flight he claims led to his injuries, are obscure in the record. Consequently, because the record was not sufficiently developed for the district court to consider the arguments of the parties in full and rule on all the issues pertaining to personal jurisdiction, *see Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003), we conclude that the district court abused its discretion in denying jurisdictional discovery. Accordingly, we vacate the judgment of the district court and remand to permit Mitchell to conduct all necessary and appropriate jurisdictional discovery into the relationship between Air India and United and for the district court, in the first instance, to resolve all issues related to its personal jurisdiction over Air India on a fuller record. On remand, the district court may exercise its discretion to manage jurisdictional discovery as appropriate. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1181 (9th Cir. 1988).

**VACATED AND REMANDED.**